**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **MARIA GARCIA, on behalf of herself and others similarly situated,** | ) ) ) | **CASE NO.** |
| **Plaintiff,** | ) ) | **JUDGE** |
| **v.** | ) ) ) | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| **METLIFE LEGAL PLANS, INC.,** | ) ) | **JURY DEMAND INCLUDED HEREON** |
| **Defendant.** | ) ) | |

Plaintiff Maria Garcia Thomas ("Plaintiff"), on behalf of herself and all others similarly situated, for her Complaint against Defendant MetLife Legal Plans, Inc. ("Defendant"), states and alleges as follows:

**INTRODUCTION**

1.     This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03.

2.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  Plaintiff brings this case on behalf of herself and other similarly-situated persons who may join this case pursuant to § 216(b).

3.     Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons, defined herein, who assert factually-related claims under the Ohio wage-and-hour statute.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.      This Court has supplemental jurisdiction over Plaintiff's claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b) because Defendant conducts business in this district and division a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

7.      Plaintiff is a resident of Ohio who was employed by Defendant from approximately July 2020 to July 2022. During her employment with Defendant, Plaintiff held the position of Customer Service Representative.

8.      Defendant is a Corporation for Profit organized under the laws of the state of Delaware and maintaining a principal place of business in Cleveland, Ohio.

9.      Defendant employed Plaintiff in Ohio at all times relevant to this Complaint.

10.      At all times relevant, Plaintiff and others similarly situated were "employees" within the meaning of the FLSA, 29 U.S.C. § 203(d), and corresponding provisions of Ohio law.

11.      At all times relevant, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and corresponding provisions of Ohio law.

12.      At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13.     At all times relevant, Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

14.     Plaintiff's written consent to join this action is being filed pursuant to 29 U.S.C. § 216(b) and is attached as Exhibit A.

## FACTUAL ALLEGATIONS

15.     Within the three years preceding the date this Complaint was filed, Defendant employed Plaintiff and other non-exempt employees as customer service representatives.

16.     Plaintiff and Defendant's other customer service representatives all performed telephone-based customer support to Defendant's customers.

17.     Plaintiff and Defendant's other customer service representatives routinely worked 40 or more hours per workweek.

18.     Defendant's policies and practices required Plaintiff and other customer service representatives to be ready to take customer calls at the start of their scheduled shift.

19.     Before they would be ready to take customer calls, Plaintiff and other customer service representatives had to boot up and log into Defendant's computer system, numerous software applications, and phone system. Booting up and logging into these systems required entering unique and frequently changing passwords for each of the programs, and waiting for the application to load and execute before it could be used.

20.     Because Plaintiff and other customer service representatives performed telephone-based customer service, being logged into and able to access the information stored on these systems was necessary for them to perform their principal job activities, and tied to the productive work for which they were hired to perform.

21.     Because Plaintiff and other customer service representatives had to be ready to take customer calls at the exact start time of their shift, they had to perform all of these tasks prior to the start of their shift.

22.     Booting up and logging into Defendant's computer system, software applications, and phone system by Plaintiff and other customer service representatives constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

23.     Moreover, booting up and logging into Defendant's computer system, software applications, and phone system was an integral and indispensable part of other principal activities performed by Plaintiff and other customer service representatives.

24.     Consequently, the time Plaintiff and other customer service representatives spent booting up and logging into Defendant's computer system, software applications, and phone system constitutes compensable work as that term is defined in the FLSA and Ohio law.

25.     Defendant did not compensate Plaintiff and other customer service representatives for the time they spent booting up and logging into Defendant's computer system, software applications, and phone system.

26.     Defendant also failed to include the time Plaintiff and other customer service representatives spent booting up and logging into Defendant's computer system, software applications, and phone system as "hours worked" when determining whether Defendant was required to pay overtime compensation to Plaintiff and other customer service representatives.

27.     Plaintiff and other customer service representatives performed this unpaid work every workday, and it constituted a part of their regular working time.

28.     It took approximately 5-10 minutes per day to boot up and log into Defendant's computer systems, software applications, and phone system.

29.     The unpaid work described above performed by Plaintiff and other customer service representatives was practically ascertainable to Defendant.

30.     There was no practical administrative difficulty of recording the above-referenced unpaid work by Plaintiff and other customer service representatives, and Defendant could have precisely recorded the time for payroll purposes.

31.     As a result of Plaintiff and other customer service representatives not being paid for all hours worked, Plaintiff and other customer service representatives were not paid overtime compensation for all of the hours they worked over 40 each workweek.

32.     Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

33.     Upon information and belief, Defendant failed to make, keep and preserve records of the unpaid work performed by Representative and other customer service representatives each day.

## COLLECTIVE ACTION ALLEGATIONS

34.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

35.     Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and others similarly situated who have similar claims under the FLSA (the "FLSA Collective"). The FLSA Collective is defined as:

> All current and former non-exempt customer service representatives employed by Defendant at any time in the three years preceding the date of the filing of this Action to the present, who worked 40 or more hours in any workweek.

36.      Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by

Defendant's unlawful practice, resulting in unpaid overtime, and all have the same claims against

Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees,

and costs.

37.     The members of the FLSA Collective are readily identifiable through the payroll

records Defendant have maintained, and were required to maintain, pursuant to the FLSA and Ohio

law.

## CLASS ACTION ALLEGATIONS

38.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten

herein.

39.     Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on

behalf of herself and others similarly situated who have similar claims under the laws of the State

of Ohio (the "Ohio Class").  The Ohio Class is defined as:

> All current and former non-exempt customer service representatives
> employed by Defendant in Ohio at any time in the two years preceding the
> date of the filing of this Action to the present, who worked 40 or more hours
> in any workweek.

40.     The Ohio Class is so numerous that joinder of all class members is impracticable.

The exact number of class members as well as their identities are ascertainable from the payroll

records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio

law.

41.     There are questions of law or fact common to the Ohio Class, including but not

limited to: whether Defendant was required to compensate Plaintiff and the Ohio Class for time

spent performing tasks prior to the start of their shift, and, if so, whether Defendant's failure to

compensate Plaintiff and the Ohio Class resulted in the underpayment of overtime compensation

due to class members.

42.     Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories as the claims of other class members.

43.     Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

44.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

45.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

46.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

47.     Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and the FLSA Collective members who may join this case pursuant to 29 U.S.C. § 216(b).

48.     The FLSA requires that Defendant's non-exempt employees receive overtime compensation for all hours worked in excess of forty (40) in a workweek.

49.     As non-exempt employees, Plaintiff and the FLSA Collective members should have been paid overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty hours per workweek.

50.     Defendant failed to pay the required overtime compensation to Plaintiff and the FLSA Collective members for all hours worked in excess of forty (40) in a workweek.

51.     At all relevant times, Defendant knew that it was required to pay Plaintiff and the FLSA Collective members overtime compensation.  Nevertheless, Defendant failed to compensate Plaintiff and the FLSA Collective members correctly.

52.     By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

53.     As a result of Defendant's violations of the FLSA, Plaintiff and the FLSA Collective members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the Plaintiffs or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendants, and costs of the action."

Case: 1:24-cv-00023-BMB  Doc #: 1  Filed: 01/04/24  9 of 11.  PageID #: 9

## COUNT TWO
### (Ohio Overtime Violations)

54.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

55.     Plaintiff brings this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03, on behalf of herself and the Ohio Class members for which certification is sought pursuant to Fed. R. Civ. P. 23.

56.     At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03.

57.     Defendant violated the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03, by failing to pay overtime compensation to its non-exempt employees for all hours worked in excess of forty (40) in a workweek..

58.     Defendant's violations of Ohio Rev. Code § 4111.03 injured Plaintiff and the Ohio Class in that they did not receive overtime compensation due to them pursuant to that statute.

59.     Ohio Rev. Code § 4111.10(A) provides that Defendant, having violated § 4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of herself and all similarly-situated employees, prays that this Honorable Court:

A.      Direct that Court-approved notice be issued to similarly-situated persons pursuant to 29 U.S.C. § 216(b), informing them of this action and enabling them to opt in;

B.      Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C.      Enter judgment against Defendant and in favor of Plaintiff, the FLSA Collective, and the Ohio Class;

D.      Award compensatory damages to Plaintiff, the FLSA Collective, and the Ohio Class in the amount of their unpaid wages;

E.      Award liquidated damages to Plaintiff and the FLSA Collective in the amount of their unpaid wages;

F.      Award Plaintiff, the FLSA Collective, and the Ohio Class pre-judgment and post-judgment interest at the statutory rate; and

G.      Award Plaintiff the costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle (0084854)
1360 E. 9th Street, Suite 808
Cleveland, Ohio 44114
Telephone:      216-230-2955
Facsimile:      330-754-1430
Email:          jmoyle@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Jeffrey J. Moyle*
Counsel for Plaintiff
