**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **MARIA GARCIA**, individually and on behalf of others similarly situated, | **)** | CASE No. 1:24-cv-00023 |
| | **)** | |
| Plaintiff, | **)** | |
| | **)** | MAGISTRATE JUDGE |
| v. | **)** | JONATHAN D. GREENBERG |
| | **)** | |
| **METLIFE LEGAL PLANS, INC.**, | **)** | |
| | **)** | |
| Defendant. | **)** | |

**PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF FLSA SETTLEMENT
AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Named Plaintiff Maria Garcia ("Named Plaintiff"), individually and on behalf of others similarly situated, respectfully moves this Court to preliminarily approve the Fair Labor Standards Act ("FLSA") Settlement and preliminarily approve the Rule 23 Settlement reached with Defendant MetLife Legal Plans, Inc. ("Defendant") (together, the "Parties"), as outlined in the attached Class and Collective Action Settlement Agreement ("Agreement"). Defendant does not oppose this Motion. In support of this Motion, Named Plaintiff submits the following:

| | |
|---|---|
| **Exhibit 1**: | Agreement, with Exhibits A-D, including the Proposed Settlement Notice and proposed Order Granting Preliminary Approval of Class Action Settlement; |
| **Exhibit 2**: | Declaration of Class Counsel Hans A. Nilges ("Nilges Dec."); and, |
| **Exhibit 3**: | Declaration from Named Plaintiff. |

Named Plaintiff requests that the Court grant approval of the FLSA Settlement, grant preliminary approval of the Class Action Settlement, designate Named Plaintiff as class representative, preliminarily approve Named Plaintiff's request for Service Payment, designate Plaintiff's Counsel as Class Counsel, preliminarily approve Class Counsel's request for attorneys'

1

fees and costs, schedule a Final Approval Hearing, and direct distribution of notice to the Class Employees (defined in the Agreement) by entering the proposed Preliminary Order that is attached to the Agreement.[1]

The following schedule sets forth a proposed sequence for the Settlement:

- Within <u>30 days</u> of Preliminary Approval, Defendant will provide Contact Information and Payroll Information of Class Employees to the Settlement Administrator (Agreement at ¶ IV.B.1.a);

- Within <u>14 days</u> of receiving the Contact Information and the Payroll Information, the Settlement Administrator shall mail the Proposed Settlement Notice, to all Class Employees (*Id*. at ¶ IV.B.2.a);

- Class Employees will have <u>45 days</u> after mailing of Settlement Notice to "opt out" of the Settlement or submit written objections to the Settlement, which may be extended to a maximum of <u>75 days</u>, under certain circumstances ("Opt Out Response Deadline") (*Id*. at ¶ IV.B.2.d); and,

- Within <u>14 days</u> after the Effective Date Defendant will fund the QSF and within <u>14 days</u> of that, the Settlement Administrator will mail the Settlement Checks to the Class Members, wire Class Counsel's Court-approved attorneys' fees and expenses, and issue the Service Payment to Named Plaintiff. (*Id*. at ¶¶ IV.B.3.b; 4.a).

As explained below, the Settlement Agreement was reached during arm's-length negotiations between the Parties, which were conducted by experienced counsel following

---

[1] All capitalized terms are intended to have the same definitions as contained in the Agreement, unless otherwise specifically noted.

extensive investigation, and on the basis of mutual recognition of the strengths and weaknesses of each other's respective positions.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Hans A. Nilges*
Hans A. Nilges (0076017)
7034 Braucher Street NW, Suite B
North Canton, OH 44720
Telephone: 330-470-4428
Facsimile: 330-754-1430
Email: hnilges@ohlaborlaw.com

Robi J. Baishnab (0086195)
7034 Braucher Street NW, Suite B
North Canton, OH 44720
Telephone: 330-470-4428
Facsimile: 330-754-1430
Email: rbaishnab@ohlaborlaw.com

*Class Counsel*

<u>**MEMORANDUM IN SUPPORT**</u>

I.      **BACKGROUND**

      **A.  Factual and Procedural Background.**

On January 4, 2024, Named Plaintiff filed the instant lawsuit (the "Action") alleging that the policies and practices of Defendant violated the Fair Labor Standards Act ("FLSA") and the Ohio Overtime Compensation Statute ("Ohio Statute"). Specifically, Named Plaintiff alleged that Defendant did not pay its hourly, non-exempt customer service employees for certain pre-shift and post-shift work, such as, booting and logging into Defendant's computer system, software applications and phone system, which allegedly resulted in unpaid overtime. (ECF No. 1).

On March 12, 2024, Defendant filed an Answer denying any wrongdoing. (ECF No. 10). Defendant continues to deny all material allegations asserted in the Action and has raised several affirmative defenses. (*Id*.; Agreement at 2).

To avoid the burden, expense, risks and uncertainty of litigation, the Parties agreed to engage in good faith, arm's-length settlement discussions. (*Id*.). As detailed in Class Counsel's declaration, the Settlement is fair, reasonable, adequate, and is in the best interest of the Class Members. (Nilges Dec. at ¶ 10).

      **B.  Summary of the Settlement.**

The Settlement includes the Class Members identified in the Agreement as all persons, presently represented as 113 individuals, employed as hourly, non-exempt employees whose job responsibilities fall within the definition of Customer Service Representative, as set forth in the Complaint, who were employed by Defendant in Ohio from January 4, 2021, through September 30, 2024. (Agreement at ¶ I.C.).

The terms of Agreement include: the Maximum Settlement Fund to be paid by Defendant; the form, content, and method of distribution of the proposed notice to the Class Members; the

1

time period that Class Members have to opt out or object to the Settlement; the calculation of individual payments to eligible recipients; the process for distributing individual payments; the proposed service award to the Named Plaintiff; and the proposed distribution of reasonable attorneys' fees and costs to Class Counsel. (*See e.g.*, *Id*. at ¶¶ I.P, U, W, AA, FF; III.A-D).

The Maximum Settlement Fund of $150,000.00 includes all individual settlement payments to Class Members that do not opt out of the Settlement, Named Plaintiff's service award, Class Counsel's attorneys' fees and litigation costs, and the settlement administration costs. The total settlement amount does not include Defendant's share of applicable employer tax withholdings, which Defendant agrees to pay outside of the fund and as directed by the settlement administrator. (*Id*. at ¶ I.P).

The Agreement provides that the individual settlement payments will be calculated proportionally based on the number of hours worked by each Class Member during the period of January 4, 2021, through September 30, 2024, in comparison to the total number of hours worked by all Class Members during that same period. (*Id.* at ¶ III.A). In exchange for the total settlement payment, the Class Members that do not opt out of the Settlement will release their state and local wage and hour claims against Defendant through Preliminary Approval, and those who negotiate their settlement checks will release their FLSA claims against Defendant for the same period (*Id*. at ¶ III.E).

The Agreement provides for the payment of a service award in the amount of $2,500.00 to Named Plaintiff Maria Garcia for her services in this Action. (*Id*. at III.C). The Agreement also provides for the payment of attorneys' fees to Class Counsel in the amount of one-third (1/3) of the total settlement amount and for Class Counsel's out-of-pocket litigation expenses. (Agreement at ¶ III.D).

Assuming the Court grants preliminary approval of the Settlement, the Parties will retain a settlement administrator – Analytics Consulting LLC – to issue notice of collective and class action settlement to the Class Employees. The notice will be issued by first class mail to each Class Employee's last known mailing and address, as available. If a notice is returned as undeliverable, the settlement administrator will promptly attempt to locate such Class Member through other reasonable and legally acceptable means and attempt to reissue the returned notice. Class Members will have 45 days, extended to 75 days under certain context, to object or opt out of the settlement ("Opt Out Response Deadline"). (*Id*. at ¶¶ IV.B.2.b).

## II.  THE COURT SHOULD APPROVE THE FLSA SETTLEMENT

Settlement of claims made pursuant to 29 U.S.C. § 216(b) of the FLSA are subject to approval by the Court. As explained below, Court approval is warranted.

### A.  The Seven-Factor Standard is satisfied.

The court presiding over the settlement of an FLSA collective action may approve a proposed settlement if it "find[s] that the settlement is fair, reasonable, and adequate." *Barnes v. Winking Lizard, Inc.*, No. 1:18CV952, 2019 U.S. Dist. LEXIS 65657, at *5 (N.D. Ohio Mar. 26, 2019) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982)). Courts in the Sixth Circuit apply seven factors to evaluate collective action settlements:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of Class counsel and Class representatives; (6) the reaction of absent Class members; and (7) the public interest.

*UAW v. General Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007). "While these factors are helpful in guiding the analysis, the 'fairness of each settlement turns in large part on the bona fides of the parties' legal dispute,' that is, whether there are real issues and risks in the case that would lead

3

each party to opt toward settlement." *Barnes*, 2019 U.S. Dist. LEXIS 65657 at *5. Application of these principles to this settlement demonstrates that approval is warranted.

### 1.  No indicia of fraud or collusion exists.

There is no indicia of fraud or collusion, and "[c]ourts presume the absence of fraud or collusion unless there is evidence to the contrary." *White v. Premier Pallet & Recycling, Inc.*, No. 5:18-cv-1460, 2018 U.S. Dist. LEXIS 174414, at *4 (N.D. Ohio Oct. 10, 2018) (citation omitted). Here, the Settlement was achieved only after arm's-length and good faith negotiations between the Parties and after each Party had the opportunity to evaluate Defendant's time and payroll data to determine the potential damages at issue if this case were to continue. (Nilges Dec. at ¶ 11). As such, there is no indicia of fraud or collusion, and this factor favors approval of the settlement.

### 2.  The complexity, expense, and likely duration of continued litigation favor approval.

The policy favoring the settlement of collective actions and other complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. *See Graybill v. Petta Enters., LLC*, No. 2:17-cv-418, 2018 U.S. Dist. LEXIS 164152, at *14 (S.D. Ohio Sep. 25, 2018) ("Most class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them") (citations omitted). Moreover, the Parties disagree over the merits of Named Plaintiff's claims, including whether any unpaid wages are owed, whether any overtime compensation is owed, whether there was any violation of the FLSA or Ohio law, whether the Action could be successfully maintained as a collective and/or class action, whether liquidated damages under the FLSA are appropriate, and whether a 2- or 3-year statute of limitations is applicable to the FLSA claims. (Nilges Dec. at ¶ 12).

4

If forced to litigate this case further, the Parties would certainly engage in complex, costly, and protracted litigation. The Settlement, on the other hand, provides substantial relief to the Class promptly and efficiently, and amplifies the benefits of that relief through the economies of class resolution. (*Id*. at ¶ 13).

### 3. Investigation was sufficient to allow the parties to act intelligently.

The Parties engaged in substantial investigation prior to negotiating the Settlement. Prior to filing the Action, Class Counsel performed a significant amount of research and factual investigation of the claims to set forth a factually specific complaint for the Court and Defendant. After the case was filed, Plaintiff and Defendant engaged in numerous discussions regarding the merits of each side's respective positions. (*Id*. at ¶ 14). Thus, the legal and factual issues in the case were thoroughly researched by counsel for the Parties, and all aspects of the dispute are well-understood by both sides.

In addition, Defendant produced timekeeping and payroll records. Class Counsel then generated a damages model which was shared with Defendant's Counsel, and therefore, factored in the Parties' respective risk of loss on their various claims and defenses. (*Id*. at ¶ 15). Consequently, not only were the factual and legal issues thoroughly investigated, but the potential damages in this case were also investigated as well.

### 4. The risks of litigation favor approval.

Counsel for both sides believe in the merits of their clients' positions, while also recognizing that continued litigation will be uncertain in terms of duration, cost, and result. Moreover, in the present case, Defendant raises defenses to Named Plaintiff's claims, and the outcome of those defenses is uncertain as well. Accordingly, if this case is not settled, it is possible that the Class will receive no compensation or, if they do receive compensation, it will be after

5

protracted litigation, likely also involving appeals. By settling the case at this relatively early stage of the litigation, the Parties and Class Members bypass the inherent risks of litigation and achieve finality on this matter. (Nilges Dec. at ¶ 16). Accordingly, this factor favors approval of the settlement.

### 5.   Class Counsel and the Class Representative favor approval.

Class Counsel is highly experienced in wage-and-hour collective and class actions, has acted in good faith, and have represented their clients' best interests in reaching the Settlement. Class Counsel supports the Settlement as fair and reasonable, and in the best interest of the class as a whole, as described in the declaration of Hans A. Nilges. (*Id*. at ¶¶ 2-7, 10). "The recommendation of Class Counsel, skilled in class actions and corporate matters, that the Court should approve the Settlement is entitled to deference." *Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, at *11 (S.D. Ohio Aug. 17, 2018).

Specifically, based on Class Counsel's independent investigation and evaluation, they believe that the Settlement is fair, reasonable, adequate, and is in the best interest of the Class Members considering all known facts and circumstances, including the risks of significant delay and defenses asserted by Defendant. (Nilges Dec. at ¶ 10). Accordingly, this factor favors approval of the Settlement.

### 6.   The Reaction of Absent Class Members

Class Counsel has no reason to believe that absent Class Members will have a negative reaction to the settlement of this case. (Nilges Dec. at ¶ 17). In fact, Named Plaintiff signed a declaration testifying to the following: she understands the claims asserted, that settlement does not mean that either side won, and that settlement allows the Parties to avoid the risks and costs of continued litigation. (**Exhibit 3**, ¶¶ 2, 5). Named Plaintiff confirms that Class Counsel kept her

regularly informed, that she knows how projected payments will be calculated, that she believes the Settlement to be fair and equitable to herself and other Class Members, that Class Counsel accepted this case on a contingency basis, and that she is happy that the matter is settled and that she looks forward to Court approval. (*Id*. at ¶¶ 3-4, 6-9). Therefore, the Court should find that this factor supports approval of the Settlement.

Further, if the Court approves the settlement, absent Class Members will receive notice of the settlement and be given the option to object or opt out if they believe that the settlement is not in their best interests. Thus, the Court can revisit this factor prior to granting final approval of the Settlement if needed.

### 7. The Public Interest

As the Sixth Circuit noted in another case involving the approval of an FLSA settlement, "there is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *Doe v. Déjà Vu Consulting, Inc.*, 925 F.3d 886, 899 (6th Cir. 2019) (quoting *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003)). Here, rather than face the risk and uncertainty of continued litigation, the Settlement confers immediate benefits on the Class, avoids the risks and expense of further litigation, and conserves judicial resources. Thus, the Court should find that this factor supports approval of the Settlement.

### B. The Settlement distributions are fair, reasonable, and adequate.

As a part of the scrutiny it applies to an FLSA collective action settlement, the Court must "ensure that the distribution of the settlement proceeds is equitable." *Murton v. Measurecomp, LLC*, No. 1:07CV3127, 2009 U.S. Dist. LEXIS 144222, at *22 (N.D. Ohio Aug. 10, 2009). Class Members are receiving meaningful settlement payments. The settlement amount represents a

compromised payment of disputed unpaid overtime for donning and doffing with an average award to each class member of over $771, after deductions of fees, costs, reserve funds, and service award. (Nilges Dec. at ¶ 18). Here, all components of the proposed distribution are proper and reasonable, and the Settlement as a whole is fair, reasonable, and adequate for Named Plaintiff and the Class.

### 1.  The individual Settlement Payments are reasonable and adequate.

The Settlement compensates Class Members for alleged unpaid overtime wages on a proportional and equitable basis. As such, each Class Member will obtain compensation for alleged unpaid wages that are proportional to the other Class Members within the covered period. (Agreement at ¶ III.A). This weighs in favor of settlement approval.

### 2.  Named Plaintiff's Service Award is proper and reasonable.

The Agreement provides for a Service Payment of $2,500.00 to Named Plaintiff, in addition to her individual payments. (Agreement at ¶ III.C). Courts routinely approve service awards to named plaintiffs in class and collective action litigation, because service awards "are efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003). Service awards are meant to "compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 U.S. Dist. LEXIS 20446, at *17 (N.D. Ohio Mar. 8, 2010).

Here, Named Plaintiff contributed significant time, effort, and detailed factual information enabling Class Counsel to evaluate the strength of this case, and reach a settlement of this matter that, in Class Counsel's opinion, fairly and adequately compensates the Class for alleged unpaid

wages. Named Plaintiff also put her name on the line, filing a lawsuit on the public docket, and taking a risk of potentially being "black-listed." As such, the time and effort Named Plaintiff provided supports the requested Service Payment. (Nilges Dec. at ¶ 19).

### 3. The Attorney Fees to Class Counsel are proper and reasonable.

After the Court has confirmed that the terms of Settlement are fair to the Class, it may review the Parties' agreement as to the provision of fees and costs to Class Counsel. The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. §216(b). In *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied*, 513 U.S. 875 (1994), the Sixth Circuit held that the FLSA's mandatory attorney fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley*, 19 F.3d at 1134 (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir.1984)).

Here, Named Plaintiff is requesting that the Court approve attorneys' fees equal to one-third (1/3) of the Settlement fund. (Agreement at ¶ III.D). "The Sixth Circuit has approved a court's use of the percentage-of-the-fund method to determine a reasonable attorney's fee from a common fund settlement." *Satterly*, 2020 U.S. Dist. LEXIS 210868, at *28 (citing *Rawlings v. Prudential Bache Prop., Inc.*, 9 F.3d 513, 515-16 (6th Cir. 1993)). Indeed, the "percentage of the fund has been the preferred method for common fund cases, where there is a single pool of money and each class member is entitled to a share…." *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 789 (N.D. Ohio 2010). "In FLSA collective actions in Ohio, courts have almost uniformly awarded

attorney's fees that constituted one-third of the fund." *Carr v. Bob Evans Farms*, N.D. Ohio No. 1:17-CV-1875, 2018 U.S. Dist. LEXIS 228221, at *10-11 (July 27, 2018); *see also, Osman v. Grube, Inc.*, N.D. Ohio No. 3:16-cv-00802, 2018 U.S. Dist. LEXIS 78222, at *6 (May 4, 2018) ("One-third of the common fund is a reasonable attorneys' fee award and has been approved in similar FLSA collective actions in this judicial district.") (Internal citation omitted).

This conclusion was reiterated in *Harsh v. Kalida Mfg.*, No. 3:18-cv-2239, 2021 U.S. Dist. LEXIS 175869, at *20 (N.D. Ohio Sep. 13, 2021). In *Harsh*, the Court held that while a Court can utilize either the percentage-of-the-fund or the Lodestar approach to determine whether an award of attorneys' fees is reasonable, the percentage-of-the-fund approach is more appropriate in class and collective actions, as it "rewards counsel for success and penalizes it for failure." *Id.* at *19-20. The Court further noted that the Lodestar method was more appropriate in wage and hour cases that "involve relatively small claims and therefore small amounts of damages in question," because "counsel for employees will inevitably be required to expend substantial resources and time, sometimes accruing fees several times greater than the value of damages in the case." *Id.* at *20. In contrast, in cases involving a common settlement fund the Court found that it "sees no compelling reason, let alone any reason, to deviate from" a request for one-third of the fund. *Id.*

Further, Class Counsel accepted this case on a contingent fee basis and advanced all litigation fees, costs and expenses. (Nilges Dec. at ¶ 20). "In doing so, Class Counsel assumed a real risk in taking on this case, preparing to invest time, effort, and money over a period of years with no guarantee of recovery. This factor weighs in favor of approving the requested fee award." *Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959, 2019 U.S. Dist. LEXIS 207645, at *19 (S.D. Ohio Dec. 3, 2019); *see also, Barnes*, 2019 U.S. Dist. LEXIS 65657, at *15 ("Class Counsel provided

representation on a purely contingency fee basis, advancing all litigation costs and receiving no payment unless [and] until there was a recovery, and should be compensated for that risk").

Finally, courts acknowledge that "[w]age-and-hour collective and class actions are, by their very nature, complicated and time-consuming." *Barnes*, 2019 U.S. Dist. LEXIS 65657, at *16. Given the inherent complexity of a wage and hour collective action and the disputed issues of fact and law in this case, an award of one-third of the Settlement fund appropriately compensates Class Counsel for their prosecution of this case and advances the public's interests in rewarding attorneys who bring wage and hour cases. *See, e.g., Gentrup v. Renovo Servs., LLC*, No. 1:07CV430, 2011 U.S. Dist. LEXIS 67887, at *14 (S.D. Ohio June 24, 2011) ("society has a stake in rewarding the efforts of the attorneys who bring wage and hour cases, as these are frequently complex matters.").

### 4. The Court should authorize reimbursement to Class Counsel of their out-of-pocket expenses incurred in this case.

Class Counsel should also be reimbursed their out-of-pocket costs, which are approximately $1,439.78. Costs include, filing fee, service, damages model, consulting fees, and postage. (Nilges Dec. at ¶ 20). "Under the common fund doctrine, Class Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining settlement." *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 U.S. Dist. LEXIS 204371, at *20 (S.D. Ohio Nov. 25, 2019). In fact, "[e]xpense awards are customary when litigants have created a common settlement fund for the benefit of a class." *Id.; see also, Harsh*, 2021 U.S. Dist. LEXIS 175869 at *23 ("Under the common fund doctrine, Class Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining settlement"); *citing Satterly v. Airstream, Inc.*, No. 3:19-cv-32, 2020 U.S. Dist. LEXIS 210868, 2020 U.S. Dist. LEXIS 210868, 2020 WL 6536342,

at *10 (S.D. Ohio Sep. 25, 2020) ("Expense awards are customary when litigants have created a common settlement fund for the benefit of a class.") (further citations omitted).

### III.  THE COURT SHOULD PRELIMINARILY APPROVE THE CLASS ACTION SETTLEMENT

The proposed Class Action Settlement of Class Members' state law claims is subject to approval by the Court pursuant to Civ. R. 23(e). As shown below, the Court's preliminary approval is warranted.

#### A.  Preliminary approval of the settlement under Rule 23(b) is warranted.

##### 1.  Certification of the Settlement Class is appropriate.

A proposed settlement class must satisfy the requirements of Rule 23. *UAW,* 497 F.3d at 626 (citing *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 620 (1997)). The proposed Class satisfies those requirements.

Named Plaintiff believes that the proposed Class meets Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequacy of representation. *See Senter v. General Motors Corp.*, 532 F.2d 511 (6th Cir.), *cert. denied*, 429 U.S. 870 (1976); *UAW,* 497 F.3d at 626. The Class, consisting of approximately 113 members, is "so numerous that joinder of all members is impracticable." Named Plaintiff submits there is a common issue of law and fact presented by the Class Members' claim under the applicable state laws, whether Defendant failed to pay Named Plaintiff and the Class Members for all hours worked in excess of 40 per workweek. Named Plaintiff is an adequate representative of their respective state law classes, in that they believe they have common interests with other Class Members and they have vigorously prosecuted the interests of the class through qualified counsel. *Rutherford v. City of Cleveland*, 137 F.3d 905 (6th Cir. 1998).

Named Plaintiff further submits that the Class satisfies Rule 23(b)(3)'s requirements of predominance and superiority. *Senter*, 532 F.2d at 522; *UAW,* 497 F.3d at 626. The unpaid overtime issues presented predominate over any individual questions. Class-wide resolution of this controversy is superior to the alternative of litigating dozens of individual lawsuits. *General Tel. Co. v. Falcon*, 457 U.S. 147, 159 (1982) (class certification advances "the efficiency and economy of litigation which is a principal purpose of the procedure"); *Day v. NLO*, 851 F. Supp. 869, 883 (S.D. Ohio 1994) (of equal importance "are considerations of the avoidance of the inequality resulting from piecemeal litigation as well as a concern to provide access to the courts for litigants with limited resources and common claims").[2]

### 2. The Class Notice satisfies Rule 23 and Due Process.

Rule 23(e) requires the Court to "direct notice in a reasonable manner to all class members who would be bound" by the settlement. *Bailey v. White*, 320 F. App'x 364, 367 (6th Cir. 2009). The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *UAW,* 497 F.3d at 626 (citing *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)).

Reasonable notice to class members is required by due process as well. *Fidel v. Farley*, 534 F.3d 508 (6th Cir. 2008) (citing *DeJulius v. New England Health Care Employees Pension Fund,* 429 F.3d 935, 943-44 (10th Cir.2005) (citing *Mullane,* 339 U.S. at 313; *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 173 (1974). Due process "does not, however, require *actual* notice to

---

[2] The Supreme Court has held that "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, [ ] for the proposal is that there be no trial." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

13

each party intended to be bound by the adjudication of a representative action." *Fidel*, 534 F.3d at 508 (emphasis by the court) (citing *DeJulius,* 429 F.3d at 944 (citing *Mullane,* 339 U.S. at 313-14); *In re Integra Realty Res., Inc.,* 262 F.3d 1089, 1110-11 (10th Cir. 2001); *Silber v. Mabon,* 18 F.3d 1449, 1453-54 (9th Cir.1994))). The issue is not whether all class members received notice, "but whether the class as a whole had notice adequate to flush out whatever objections might reasonably be raised to the settlement." *Fidel*, 534 F.3d at 514 (quoting *Torrisi v. Tucson Elec. Power Co.,* 8 F.3d 1370, 1375 (9th Cir.1993)).

The "individual notice" requirement of Rule 23 and due process is fulfilled by sending written notice to class members by first-class mail at the addresses shown in the defendant's business records. *Grunin v. International House of Pancakes* (8th Cir. 1975), 513 F.2d 114, 120, *cert. denied* (1975), 423 U.S. 864 (1975) (citing *Eisen,* 417 U.S. at 172-77). The Eighth Circuit noted that, in *Eisen*, "the Supreme Court specifically held that individualized notice by mail to the last known address was the 'best notice practicable' in a class action." *Grunin*, 513 F.2d at 121.

In this case, the proposed notice to the Class Employees satisfies these requirements. Under the terms of the Settlement Agreement and the proposed Preliminary Order, the notice will be sent to the Class Members by first-class mail and email, where applicable, using the addresses shown in Defendant's records. The notice also gives Class Employees detailed information on how to object to the settlement. Accordingly, the Class Notice satisfies Rule 23 and due process requirements. (Agreement at ¶ IV.B).

**B. Approval of the Settlement under Rule 23(e) is warranted.**

Under Rule 23(e), a class settlement must be "fair, reasonable, and adequate" under a seven-factor standard discussed below. *UAW,* 497 F.3d at 626 (citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th

14

Cir.1983)). The Sixth Circuit has recognized that "the law generally favors and encourages the settlement of class actions." *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981). Therefore, when considering the below factors, the courts apply a "strong presumption" in favor of finding a settlement to be fair. *Dail v. George A. Arab, Inc.,* 391 F. Supp. 2d 1142, 1145-46 (M.D. Fla. 2005) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)); *Sweet v. Gen. Tire & Rubber Co.*, Civil Action No. C75-181A, 1982 U.S. Dist. LEXIS 12371, at *14 (N.D. Ohio Mar. 17, 1982)("The recommendations of Plaintiffs' counsel should be given a presumption of reasonableness.")

### 1. The Seven-Factor Standard is satisfied.

The Sixth Circuit uses the same seven factors to evaluate class action settlements as it does to evaluate FLSA collective action settlements:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW,* 497 F.3d at 626 (citing *Granada Invs., Inc.,* 962 F.2d at 1205); *Williams,* 720 F.2d at 922-23), *quoted in Crawford*, 2008 WL 4724499 at *3. As discussed in detail above, the seven-factor standard supports approval of the Settlement.

On the basis of these factors, as well as all of the other factors discussed above, the Court should conclude that the Settlement is fair, reasonable, and adequate, and grant preliminary and later final approval under Rule 23(e).

### IV.   CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court:

A.  Enter an Order approving the FLSA settlement and preliminarily approving Rule 23 class settlement;

B.  Designate Named Plaintiff as the Class Representative;

C.  Provisionally certify the proposed settlement class;

D.  Preliminarily approve the Named Plaintiff's request for a Service Award;

E.  Designate Named Plaintiff's Counsel as Class Counsel;

F.  Preliminarily approve Class Counsel's request for attorneys' fees and costs;

G.  Direct distribution of the proposed notice of class action settlement to the Class Members as outlined in the Agreement; and,

H.  Schedule a Final Approval Hearing.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Hans A. Nilges*
Hans A. Nilges (0076017)
7034 Braucher Street NW, Suite B
North Canton, OH 44720
Telephone: 330-470-4428
Facsimile: 330-754-1430
Email: hnilges@ohlaborlaw.com

Robi J. Baishnab (0086195)
7034 Braucher Street NW, Suite B
North Canton, OH 44720
Telephone: 330-470-4428
Facsimile: 330-754-1430
Email: rbaishnab@ohlaborlaw.com

*Class Counsel*

16

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 21, 2024, the foregoing was filed electronically. Notice of this filing will be sent to the following individuals by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                   */s/ Hans A. Nilges*
                   *Class Counsel*