IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARIA GARCIA,** on behalf of herself and others similarly situated, | ) ) ) | CASE No. 1:24-cv-00023 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | Magistrate Judge Jonathan D. Greenberg |
| **METLIFE LEGAL PLANS, INC.,** | ) ) ) | |
| Defendant. | ) ) ) | |

**PLAINTIFF'S UNOPPOSED MOTION FOR ORDER AND
JUDGMENT FOR FINAL APPROVAL OF
<u>CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT</u>**

Representative Plaintiff Maria Garcia ("Representative Plaintiff"), on behalf of herself and the Class Members (as defined below), respectfully moves this Court to grant final approval of the Settlement Agreement reached in this case pursuant to Fed. R. Civ. P 23(e) ("Settlement").

Notice of the settlement in this case has been sent to the Class and this settlement is ripe for final approval. The Defendant is not opposing this Motion. Therefore, the Plaintiff respectfully requests that after the Fairness Hearing scheduled for April 18, 2025, the Court enter an Order:

1. Granting final approval of the Parties' Class and Collective Settlement Agreement ("Agreement") and the Total Settlement Amount of **$150,000.00**.

2. Granting final approval of a payment to Class Counsel of **$50,000.00** in attorney's fees (representing one-third (1/3) of the Total Settlement Amount) and **$1,439.78** in litigation expenses;

3. Granting final approval of a payment to the settlement administrator **$7,015.00**;

4. Granting final approval of a Service Award to Representative Plaintiff in the amount of **$2,500.00**; and,

5. Dismissing this case with prejudice.

In support of this Motion, Named Plaintiff submits the following:

    **Exhibit 1**:    A proposed Final Order and Judgment; and,

    **Exhibit 2**:    Declaration of Jeffrey J. Mitchell, of Analytics Consulting LLC, Settlement Administrator;

The reasons for this Motion are as follows:

### MEMORANDUM IN SUPPORT

### I. RELEVANT PROCEDURAL HISTORY

On January 4, 2024, Representative Plaintiff filed the instant lawsuit (the "Action") alleging that the policies and practices of Defendant violated the Fair Labor Standards Act ("FLSA") and the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03 ("Ohio Statute"). Specifically, Named Plaintiff alleged that Defendant did not pay its hourly, non-exempt customer service employees for certain pre-shift and post-shift work, such as booting and logging into Defendant's computer system, software applications and phone system, which allegedly resulted in unpaid overtime. (ECF No. 1).

On March 12, 2024, Defendant filed an Answer denying any wrongdoing. (ECF No. 10). Defendant continues to deny all material allegations asserted in the Action and has raised several affirmative defenses. (*Id.*; Agreement, at pg. 2).

To avoid the burden, expense, risks and uncertainty of litigation, the Parties agreed to engage in good faith, arm's-length settlement discussions. (*Id.*). As detailed in Class Counsel's declaration, the Settlement is fair, reasonable, adequate, and is in the best interest of the Class Members. (Nilges Dec. ECF Doc # 27-2, at ¶ 10).

On October 30, 2024, the Court, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, conditionally certified, for settlement purposes only, a Rule 23 class of all persons

2

employed as hourly, non-exempt employees whose job responsibilities fall within the definition of Customer Service Representative, as set forth in the Complaint, who worked for Settling Entity in Ohio, from January 4, 2021 through September 30, 2024, except for any individual who timely submitted or submits a valid request for exclusion. (See October 30, 2024, Order of the Hon. Jonathan D. Greenberg, ECF doc # 30). Additionally, the Court granted preliminary approval of the Class Action Settlement pursuant to Civ. R. 23(e) and set a fairness hearing for April 15, 2025. *(Id.)* Moreover, the Court directed the Parties to send Notice to all Class Members informing them of the pendency of this action, the proposed Settlement, and the date of a Fairness Hearing. (*Id*.). On February 24, 2025, the fairness hearing was re-scheduled for April 18, 2025.

The Parties engaged Analytics Consulting LLC ("Analytics") as the Settlement Administrator to provide settlement administration services, including the mailing of the Court-approved class notice and, upon final approval, the distribution of settlement benefits to Class Members. (*See* Declaration of Jeffrey J. Mitchell attached as **Exhibit 2**, at ¶ 5). On or around December 10, 2024, Analytics received from Defendant a list each Class Member's full name, last-known mailing addresses, last-known home email addresses, hours worked during the Class Period, and Social Security number, for the **113** Class Members. (*Id*., at ¶ 6). Analytics imported the data to a project-specific database and processed the records through the US Postal Service's National Change of Address (NCOA) database to standardize and update the mailing addresses. Analytics also consolidated duplicate entries found in the data. The final mail list had **113** unique Class Members. (*Id*., at ¶ 7).

On December 16, 2024, Analytics sent by first-class mail and email, where available, the Court-approved "Notice of Proposed Class Action and Fairness Hearing" to the Class Members. (*Id*., at ¶ 8). Two Notices were returned to Analytics by the U.S. Postal Service with a forwarding

3

address. Analytics updated the class list with the forwarding address and processed a re-mail of the Notice to the updated addresses. (Exhibit 2, at ¶ 9).

Twelve Notices were returned to Analytics by the U.S. Postal Service without a forwarding address. Analytics conducted a skip trace to ascertain a valid address for the affected Class Members. As a result of these efforts, seven new addresses were identified for Class Members. Analytics subsequently updated the Class List with the new addresses and processed a re-mail of the Notice to each of the affected Class Members. (*Id*., at ¶ 10).

The deadline to opt out of the Settlement was January 30, 2025. Analytics has received two exclusion requests (*Id*., at ¶ 11) and was not aware of any objections to the Settlement. (*Id*., at ¶12).

II.     **LAW AND ANALYSIS**

   A.     **The Standard for Approval of a Class Action Settlement.**

The Class and the Defendant have agreed to a settlement of $150,000.00. In the Plaintiff's Unopposed Motion for Approval of FLSA Settlement and Preliminary Approval of Class Action Settlement, filed on October 21, 2024, ("Preliminary Motion"), Counsel for Plaintiff analyzed the Settlement in this case under each of the relevant factors. (*See,* Memorandum in Support of Plaintiff's Unopposed Motion for Approval of FLSA Settlement and Preliminary Approval of Class Action Settlement, ECF Doc #: 27). The arguments set forth in the Preliminary Motion also apply here and demonstrate why the Settlement should be granted final approval.

In addition, the results of the notice process weigh strongly in favor of approval. It should be noted that out of **113** notices that were mailed, only two people requested exclusion, and no class members objected to the Settlement, resulting in a 98.4% inclusion rate for the Settlement.

In sum, the Settlement confers substantial benefits on Class Members, eliminates any risk of loss should this case continue to be litigated, was negotiated on an arm's length basis, and is in

the best interest of the Class. Accordingly, for the reasons addressed herein and in the Preliminary Motion, it is respectfully requested that the Court grant final approval of this Settlement and enter the proposed Final Order and Judgment attached as **Exhibit 1**.

> **B.  The Court should approve the payment of attorneys' fees and costs to Class Counsel.**

For the reasons set forth in the Preliminary Motion (ECF 27), the Court should also grant final approval of the award of attorneys' fees to Class Counsel in the amount of $50,000.00, representing one-third of the settlement fund. As noted in the Preliminary Motion, (ECF No. 27, PageID #: 105) the FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. §216(b). As further explained in the Preliminary Motion:

> [I]n *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied*, 513 U.S. 875 (1994), the Sixth Circuit held that the FLSA's mandatory attorney fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley*, 19 F.3d at 1134 …
>
> …Named Plaintiff is requesting that the Court approve attorneys' fees equal to one-third (1/3) of the Settlement fund. (Agreement at ¶ III.D). "The Sixth Circuit has approved a court's use of the percentage-of-the-fund method to determine a reasonable attorney's fee from a common fund settlement." *Satterly*[*v. Airstream, Inc.*, No. 3:19-cv-32, 2020 U.S. Dist. LEXIS 210868, 2020 U.S. Dist. LEXIS 210868] at *28 [(S.D. Ohio Sep. 25, 2020)] (citing *Rawlings v. Prudential Bache Prop., Inc.*, 9 F.3d 513, 515-16 (6th Cir. 1993)). Indeed, the "percentage of the fund has been the preferred method for common fund cases, where there is a single pool of money and each class member is entitled to a share…." *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 789 (N.D. Ohio 2010). "In FLSA collective actions in Ohio, courts have almost uniformly awarded attorney's fees that constituted one-third of the fund." *Carr v. Bob Evans Farms*, N.D. Ohio No. 1:17-CV-1875, 2018 U.S. Dist. LEXIS 228221, at *10-11 (July 27, 2018)…

5

This conclusion was reiterated in *Harsh v. Kalida Mfg.*, No. 3:18-cv-2239, 2021 U.S. Dist. LEXIS 175869, at *20 (N.D. Ohio Sep. 13, 2021). In *Harsh*, the Court held that while a Court can utilize either the percentage-of-the-fund or the Lodestar approach to determine whether an award of attorneys' fees is reasonable, the percentage-of-the-fund approach is more appropriate in class and collective actions, as it "rewards counsel for success and penalizes it for failure." *Id.* at *19-20. The Court further noted that the Lodestar method was more appropriate in wage and hour cases that "involve relatively small claims and therefore small amounts of damages in question," because "counsel for employees will inevitably be required to expend substantial resources and time, sometimes accruing fees several times greater than the value of damages in the case." *Id.* at *20. In contrast, in cases involving a common settlement fund the Court found that it "sees no compelling reason, let alone any reason, to deviate from" a request for one-third of the fund. *Id.*

Further, Class Counsel accepted this case on a contingent fee basis and advanced all litigation fees, costs and expenses. (Nilges Dec. at ¶ 20). "In doing so, Class Counsel assumed a real risk in taking on this case, preparing to invest time, effort, and money over a period of years with no guarantee of recovery. This factor weighs in favor of approving the requested fee award." *Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959, 2019 U.S. Dist. LEXIS 207645, at *19 (S.D. Ohio Dec. 3, 2019); *see also, Barnes*, 2019 U.S. Dist. LEXIS 65657, at *15 ("Class Counsel provided representation on a purely contingency fee basis, advancing all litigation costs and receiving no payment unless [and] until there was a recovery, and should be compensated for that risk").

Finally, courts acknowledge that "[w]age-and-hour collective and class actions are, by their very nature, complicated and time-consuming." *Barnes*, 2019 U.S. Dist. LEXIS 65657, at *16. Given the inherent complexity of a wage and hour collective action and the disputed issues of fact and law in this case, an award of one-third of the Settlement fund appropriately compensates Class Counsel for their prosecution of this case and advances the public's interests in rewarding attorneys who bring wage and hour cases. *See, e.g., Gentrup v. Renovo Servs., LLC*, No. 1:07CV430, 2011 U.S. Dist. LEXIS 67887, at *14 (S.D. Ohio June 24, 2011) ("society has a stake in rewarding the efforts of the attorneys who bring wage and hour cases, as these are frequently complex matters.").

(ECF Doc #: 27, PageID #: 105 to Doc # 27, PageID #: 107).

Class Counsel also requests that the Court approve reimbursement of **$1,439.78** in litigation expenses, as these were incurred in the prosecution of claims and in obtaining settlement, and for the payment of settlement administration costs, as provided in the Agreement.

### C. The Court Should Approve the Service Award for Representative Plaintiff

As outlined in the Preliminary Motion, The Agreement provides for a Service Payment of $2,500.00 to Named Plaintiff, in addition to her individual payments. (Agreement at ¶ III.C). Courts routinely approve service awards to named plaintiffs in class and collective action litigation, because service awards "are efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003). Service awards are meant to "compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 U.S. Dist. LEXIS 20446, at *17 (N.D. Ohio Mar. 8, 2010).

Here, Named Plaintiff contributed significant time, effort, and detailed factual information enabling Class Counsel to evaluate the strength of this case, and reach a settlement of this matter that, in Class Counsel's opinion, fairly and adequately compensates the Class for alleged unpaid wages. Named Plaintiff also put her name on the line, filing a lawsuit on the public docket, and taking a risk of potentially facing negative repercussions. As such, the time and effort Named Plaintiff provided supports the requested Service Payment.

### III. CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that this Court enter the Proposed Order, attached as **Exhibit 1**:

1. Granting final approval of the Parties' Settlement Agreement ("Agreement") and the Total Settlement Amount of **$150,000.00**.

2. Granting final approval of a payment to Class Counsel of **$50,000.00** in attorney's fees (representing one-third (1/3) of the Total Settlement Amount) and **$1,439.78** in litigation expenses;

3. Granting final approval of a payment to the settlement administrator of **$7,015.00**;

4. Granting final approval of a Service Award to Representative Plaintiff in the amount of **$2,5000.00**; and,

5. Dismissing this case with prejudice.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
1360 E 9th St., Suite 808
Cleveland, OH 44114
Telephone: (216) 230-2955
Facsimile: 330-754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
7034 Braucher Street NW, Suite B
North Canton, OH 44720
Telephone: 330-470-4428
Facsimile: 330-754-1430
Email: hnilges@ohlaborlaw.com

*Class Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2025, the foregoing was filed electronically. Notice of this filing will be sent to the following individuals by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Robi J. Baishnab*
*Class Counsel*