IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARIA GARCIA, on behalf of herself and others similarly situated, | CASE NO. 1:24-cv-00023 |
| Plaintiff, | MAGISTRATE JUDGE JONATHAN D. GREENBERG |
| vs. | |
| METLIFE LEGAL PLANS, INC., | |
| Defendant. | |

## FINAL ORDER AND JUDGMENT

Representative Plaintiff Maria Garcia ("Representative Plaintiff"), on behalf of herself and the Class Members (as defined below), has filed an unopposed motion to this Court, pursuant to Fed. R. Civ. P 23(e), for entry of an Order as follows:

1. Granting final approval of the Parties' Settlement Agreement ("Agreement") and the Total Settlement Amount of **$150,000.00**.

2. Granting final approval of a payment to Class Counsel of **$ 50,000.00** in attorney's fees (representing one-third (1/3) of the Total Settlement Amount) and **$1,439.78** in litigation expenses;

3. Granting final approval of a payment to the settlement administrator of **$7,015.00**;

4. Granting final approval of a Service Award to Representative Plaintiff in the amount of **$2,500.00**; and,

5. Dismissing this case with prejudice

Having reviewed the Agreement, as well as the Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement ("Final Motion"), the declarations on file, including that of the settlement administrator, and the pleadings and papers on file in this Action, and for good cause established therein, the Court hereby enters this Order granting final approval of the Rule 23 Class Action Settlement, as follows:

1. Unless otherwise defined, all terms used in this Order have the same meaning as defined in the Agreement.

2. On January 4, 2024, Representative Plaintiff filed the instant lawsuit (the "Action") alleging that the policies and practices of Defendant violated the Fair Labor Standards Act ("FLSA") and the Ohio Overtime Compensation Statute ("Ohio Statute"). Specifically, the Representative Plaintiff alleged that Defendant did not pay its hourly, non-exempt customer service employees for certain pre-shift and post-shift work, such as booting and logging into Defendant's computer system, software applications and phone system, which allegedly resulted in unpaid overtime. (ECF No. 1).

3. On March 12, 2024, Defendant filed an Answer denying any wrongdoing. (ECF No. 10). Defendant continues to deny all material allegations asserted in the Action and has raised several affirmative defenses. (*Id*.; Agreement, Exhibit 2 at pg. 2).

4. To avoid the burden, expense, risks and uncertainty of litigation, the Parties agreed to engage in good faith, arm's-length settlement discussions. (*Id*.). As detailed in Class Counsel's declaration, the Settlement is fair, reasonable, adequate, and is in the best interest of the Class Members. (Nilges Dec. ECF No. 27-2, at ¶ 10).

5. On October 30, 2024, the Court, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, conditionally certified, for settlement purposes only, a Rule 23 class of all persons employed as hourly, non-exempt employees whose job responsibilities fall within the definition of Customer Service Representative, as set forth in the Complaint, who worked for Settling Entity in Ohio, from January 4, 2021 through September 30, 2024, except for any individual who timely submitted a valid request for exclusion. (ECF No. 30). Additionally, the Court granted preliminary approval of the Class Action Settlement pursuant to Civ. R. 23(e) and set a fairness hearing for

April 15, 2025. (*Id.*) Moreover, the Court directed the Parties to send Notice to all Class Members informing them of the pendency of this action, the proposed Settlement, and the date of a Fairness Hearing. (*Id.*). On February 24, 2025, the fairness hearing was re-scheduled for April 18, 2025.

6. The Parties engaged Analytics Consulting LLC ("Analytics") as the Settlement Administrator to provide settlement administration services, including the mailing of the Court-approved class notice and, upon final approval, the distribution of settlement benefits to Class Members. (See Declaration of Jeffrey J. Mitchell attached as Exhibit 3, at ¶ 5).

7. On or around December 10, 2024, Analytics received from Defendant a list each Class Member's full name, last-known mailing addresses, last-known home email addresses, hours worked during the Class Period, and Social Security number, for the 113 Class Members. (*Id.*, at ¶ 6). Analytics imported the data to a project-specific database and processed the records through the US Postal Service's National Change of Address (NCOA) database to standardize and update the mailing addresses. Analytics also consolidated duplicate entries found in the data. The final mail list had 113 unique Class Members. (*Id.*, at ¶ 7).

8. On December 16, 2024, Analytics sent by first-class mail and email, where available, the Court-approved "Notice of Proposed Class Action and Fairness Hearing" to the Class Members. (*Id.*, at ¶ 8; a copy of this Notice template is attached as Exhibit 4). Two Notices were returned to Analytics by the U.S. Postal Service with a forwarding address. Analytics updated the class list with the forwarding address and processed a re-mail of the Notice to the updated addresses. (Exhibit 3, at ¶ 9).

9. Twelve Notices were returned to Analytics by the U.S. Postal Service without a forwarding address. Analytics conducted a skip trace to ascertain a valid address for the affected Class Members. As a result of these efforts, seven new addresses were identified for Class

Members. Analytics subsequently updated the Class List with the new addresses and processed a re-mail of the Notice to each of the affected Class Members. (Id., at ¶ 10).

10. The deadline to opt out of the Settlement was January 30, 2025. Analytics received two exclusion requests (Id., at ¶ 11) and was not aware of any objections to the Settlement. (Id., at ¶ 12).

11. The Court finds that it has jurisdiction over the subject matter of this action and the parties to this action, the Representative Plaintiff, Defendant MetLife Legal Plans, Inc., and the Class Members.

12. The Court finds for settlement purposes only, that the Class Employees satisfy the applicable standards for certification under Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b).

13. The Court hereby confirms its prior appointment of Hans Nilges of Nilges Draher LLC as Class and Collective Counsel pursuant to Federal Rule of Civil Procedure 23(g).

14. The Court hereby confirms its prior appointment of Analytics Consulting LLC as the Settlement Administrator.

15. The Court finds that the members of the Class were given adequate notice of the pendency of this action, the proposed settlement, and the date of the fairness hearing as ordered by the Court. The Court further finds that the notice was reasonable and the best notice practicable and satisfied the requirements of Rule 23 and due process.

16. The Court finds that the proposed settlement satisfies the standard for final approval of a class action settlement under Rule 23(e). For purposes of this settlement, the proposed settlement class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority.

Representative Plaintiff is an adequate representative of the Class and possesses the same interests and suffered the same alleged injuries as the other Class members. The Class encompasses persons with like factual circumstances and like claims. The settlement payments made available to the members of the Class are commensurate with their alleged claims. The Court finds that the proposed settlement is fair, reasonable, and adequate as to the Class, and qualifies for final approval under Rule 23(e).

17. The Court approves the Agreement and orders that it be implemented according to its terms and conditions.

18. The Court therefore orders that the Maximum Settlement Amount in the amount of **$150,000.000** be paid by Defendant and distributed in the manner described in the Agreement.

19. The Court approves the Service Award to Representative Plaintiff in the amount of **$2,500.00**, to compensate her for her unique services in maintaining this litigation and orders that it be paid from the Maximum Settlement Fund as set forth in the Agreement.

20. The Court approves the payment of attorneys' fees of **$50,000.00** (representing one-third (1/3) of the Maximum Settlement Fund) and **$1,439.78** in litigation expenses, and orders that such payments be made from the Maximum Settlement Fund as set forth in the Agreement.

21. The Court approves the payment to the settlement administrator, Analytics Consulting LLC, in the amount of **$7,015.00** and orders that it be paid from the Maximum Settlement Fund as set forth in the Agreement.

22. Nothing related to this Order, or any communications, papers, or orders related to the Agreement and/or settlement of this class action, shall be cited as, construed to be, admissible as, or deemed an admission by Defendant of any liability, culpability, negligence, or wrongdoing

toward the Representative Plaintiff and/or the Class Members or any other person, or that class or collective action certification is appropriate in this or any other matter.

23. There has been no determination by this or any other Court as to the merits of the claims asserted by Plaintiff against Defendant or as to whether a class should be certified other than for settlement of the present litigation.

24. Nothing herein shall be construed or considered as a future waiver of any alternative dispute resolution agreements, provisions, or policies by the Defendant.

25. Representative Plaintiff and the Class Members release claims against Defendant as provided in the Agreement.

26. The Court dismisses this action with prejudice.

27. The Parties are to bear their respective attorneys' fees and costs except as provided in the Agreement.

28. The Court retains jurisdiction over this Action for the purpose of enforcing the Agreement.

29. The Parties are hereby ordered to carry out the settlement as provided in the Agreement.

30. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

31. There being no just reason to delay entry of this Final Order, the Court orders the Clerk of the Court to enter this Final Order immediately, along with Entry of Judgment thereon.

Dated: This 18th day of April, 2025      BY THE COURT:

                                                s/Jonathan D. Greenberg
                                                Jonathan D. Greenberg
                                                United States Magistrate Judge